IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND

ISHMAEL BAH                         :
                                    :
                                    :
    v.                              : Civil Action No. DKC 09-2333
                                    :
THE TOWN OF CHEVERLY, et al.        :
                                    :

**MEMORANDUM OPINION**

    Defendants The Town of Cheverly, Chief of Police Buddy Renshaw, Officer Jason Lamb and Officer Bradley Montoya removed this action from the Circuit Court for Prince George's County, based on the federal question contained in Count Five.  After Defendants answered, Plaintiff filed a Motion to Dismiss Count Five and Remand this action (paper 13).  Defendants have filed no opposition.

    When a party wishes to dismiss less than an entire action, Fed.R.Civ.P. 15(a), and not Rule 41, applies:

> Applicable case law teaches that the "action" referred to in Rule 41(a)(2) is the dismissal of all causes of action one party asserts against another, and not just a single cause of action in a multi-count pleading, as is the case here. *See, e.g., Gronholz v. Sears, Roebuck and Co.*, 836 F.2d 515, 518 (Fed.Cir. 1987) (collecting authorities); 8 James Wm. Moore et al., Moore's Federal Practice § 41.21 (3d ed. 2007). This conclusion is based on the fact that both Rules 41(a)(1) and (a)(2) only apply their terms to dismissal of an "action," while Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b) (emphasis added). Because Rule 41(a)(1) and (a)(2) do not include similar express language

> indicating that they were intended to apply to the separate claims which make up an action, a motion for leave to dismiss fewer than all counts of a multi-count complaint is instead governed by Rule 15 of the Federal Rules of Civil Procedure. *See Gronholz*, 836 F.2d at 518 (citing various cases).

*In re Amp'd Mobile, Inc.*,,395 B.R. 582, 585 (Bkrtcy.D.Del. 2008). Under Rule 15(a)(2), a party may amend only with the opposing party's written consent or the court's leave. Leave to amend is to be freely given when justice requires.

Plaintiff states a desire to dismiss the federal claim with prejudice so that the case can be remanded to state court. Defendants have not filed an opposition. At this early juncture in the proceedings, there can be no prejudice other than the time and expense for the removal proceedings. Accordingly, leave to amend to dismiss count five will be granted.

Once the claim over which this court has original removal jurisdiction has been dismissed, the court has discretion to remand the remaining claims, over which it has supplemental jurisdiction, to the state court:

> [W]e conclude that under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met.

2

*Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). At this early stage of the litigation, when only state law claims remain, it is appropriate to remand.  A separate Order will follow.

```
                        /s/
            DEBORAH K. CHASANOW
            United States District Judge
```